THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT, *v.* OSCAR F. BECKWITH, RESPONDENT.

*Order granting a new trial, after a conviction of a crime, upon the ground of newly discovered evidence — the people cannot appeal therefrom.*

The defendant having been tried and convicted of murder in the first degree, the judgment and conviction were, upon an appeal taken by him, affirmed by the General Term and the Court of Appeals. Thereafter, upon the motion of the defendant, an order was made, under subdivision 7 of section 465 of the Code of Criminal Procedure, granting a new trial upon the ground of newly discovered evidence. Upon the hearing of an appeal taken by the people from this order to the General Term.

*Held,* that the appeal should be dismissed, as no appeal by the people from such an order was authorized.

APPEAL, taken by the people, from an order granting a new trial to the defendant, on the ground of newly discovered evidence, under subdivision 7 of section 465 of the Code of Criminal Procedure, made by Mr. Justice Ingalls, at chambers, and entered in Columbia county on the 26th day of November, 1886.

The defendant was tried, at the Columbia Oyer and Terminer, before Mr. Justice Ingalls and a jury, upon an indictment charging him with the murder of one Simon A. Vandercook, at the town of Austerlitz, in said county, and convicted of murder in the first degree by a verdict rendered November 20, 1885, and judgment of conviction was thereupon duly entered in said county.

The defendant appealed from said judgment to the General Term of the Supreme Court, where the same was affirmed, and judgment of affirmance was entered in Columbia county, May 2, 1886.

From said judgment of affirmance defendants appealed to the Court of Appeals, where the same was in October, 1886, affirmed, and the case was remitted to the same Supreme Court to be proceeded upon according to law.

The motion for a new trial was made on November eleventh, and the order appealed from was entered on November 26, 1886.

*A. B. Gardinier*, district attorney, for the appellant.

*L. F. Longley*, for the respondent.

LEARNED, P. J. :

Section 462 of the Code of Criminal Procedure, states what a new trial is ; and the following sections down to and including section 466, declare when it can be granted and for what causes. Chapter 65 of the Laws of 1882, amended section 466, so that in case of a sentence of death, the application may be made before execution, and to any justice of the Supreme Court or Special Term thereof, of the judicial department where the conviction was had. The subsequent section 518 declares in what cases the people may appeal. These are two, and no other. First, upon a judgment for the defendant on a demurrer to the indictment ; second, upon an order of the court arresting the judgment. Both of these, it will be seen, are questions of law. The first is evidently so. And a reference to section 467, defining a motion in arrest of judgment, shows that such a motion raises only questions of law. For we have no doubt

that the second subdivision of section 518 refers solely to motions in arrest of judgment. Now, inasmuch as the Code, after careful provisions as to applications for new trial above referred to, proceeded to specify by section 518, the cases where appeals may be taken by the people, and omitted to mention orders for a new trial, we are satisfied that no appeal in such cases is allowed. And this is consistent with general principles. The granting of a motion for a new trial involves a decision of fact rather than of law; an exercise of sound judgment, upon matters of fact. When such a decision has been made, favorable to the defendant, it is somewhat like the verdict of a jury in his favor. The people should have no right to appeal, unless such right is unquestionably given. The people, however, urge that on the affirmance of the judgment by the Court of Appeals, the proceedings were remitted to the Supreme Court. And they further urge that by sections 548 and 549, the record is in this court, and all orders are to be made here. which are necessary. They further urge that, as the order for a new trial was made by a justice of this court, an appeal lies to the General Term, substantially as an appeal would lie in a civil action. But we do not agree with this view. This action is still a criminal action. Notwithstanding the new trial was granted after affirmance by the Court of Appeals, and after the cause had been remitted here, still the motion was made under section 466 of the Code of Criminal Procedure, as now amended. An appeal, if it lies at all, must be authorized by the provisions of that Code. It is further urged by the people that section 518 uses the words : "An appeal *to* the Supreme Court," and hence it does not apply to an appeal *in* that court. But the answer is that if the appeal is not authorized by this section, it is not authorized by any. Section 485 authorizes the clerk to include in the judgment-roll, a copy of the minutes upon a motion for a new trial; and section 517 gives an appeal to the defendant from the judgment, including the proceedings forming part of the roll. But such appeal is not given to the people. And it may be doubted whether even the defendant could bring up by appeal an order denying *after judgment* a motion for a new trial. A majority of the court were of the opinion that such an appeal would not lie, in the case of *People* v. *Hovey* (37 Sup. Ct. N. Y. [30 Hun], 354). At any rate there is nothing authorizing an appeal by the people.

The people also urge that the order appealed from practically arrests judgment. But the phrase "a motion in arrest of judgment," has long been familiar; and it is defined in accordance with its old meaning in section 467, to which we have already referred. It is evident that it is to such a motion only that section 518, subdivision 2, refers. The appeal should be dismissed.

BOCKES and LANDON, JJ., concurred.

Appeal dismissed.